United States v. Rodriguez-Parra, 24-6099. Good morning, Your Honors, and may it please the Court. My name is Kathleen Shen, and I represent the appellate, Mr. Jose Rodriguez-Parra. During his allocution, Mr. Rodriguez-Parra disagreed with the PSR's allegation that he had been drunken and violent during his arrest. The District Court could have declined to address these factual objections on procedural grounds, but that's not what it did. Instead, it concluded that the allegations in the pre-sentence report were true and that Mr. Rodriguez's contrary factual allegations were false. That was clear error. When there is a factual objection to an allegation in the pre-sentence report, the District Court cannot simply rely on the allegation to overrule the objection. Instead, it can rely on the disputed allegation only if it is proven by a preponderance of the evidence. The pre-sentence report, or the allegation in the pre-sentence report itself, is insufficient to prove the fact. But that's what's happened here. There was a dispute about what happened on the night when Mr. Rodriguez was arrested. The pre-sentence report said that he was drunk, hit four cars, and was violent and insulting to police and medical personnel. Mr. Rodriguez denied being drunk, denied hitting the cars, and said he was never disrespectful to police. That was after he didn't object, given several opportunities to do so. And on this record, as I read it, he never specifically said he was objecting to the PSR, nor did his lawyer, whose lawyer was there. After his statements, even his lawyer never said, just to be clear, Your Honor, these are objections to the PSR, and kind of left it at that. That's true, Your Honor. What do we do about that? It's kind of a mess. I agree that the dispute is clearly raised untimely. And the district court would have been well within its rights to say, you know, under Rule 32F, this is late. I don't have to consider it. And also, of course, the district court is not required to hear pro se objections by someone who's represented by counsel. But this situation, I think, is squarely addressed both by Harrison, particularly when you read it in conjunction with Jarvie. And in those cases, Because the court opened the door. The court opened the door. And I think here, what really takes this case and makes it a real dispute is the district court says, directly addressing Mr. Rodriguez's statements, your statements are directly contrary to the PSR and wildly implausible. And then he chooses to rely on the PSR statements. And this mirrors very closely what happened in Harrison, where the defendant makes pro se statements that are, as this court recognized, not precise. She says, that was all wrong. The amounts are wrong. Does it make any difference, though, that in Harrison, the timing of the statement was different? The defendant interjected at the moment in the hearing when the court was asking about objections to the PSR. Counsel said, didn't object. And then the defendant spontaneously jumped in. And then Harrison said, the objection was therefore preserved. Well, I guess the court also paraphrased the objection. So that happened as well. But the Harrison court said, the objection is preserved. But here, there was no interjection at that particular point in the sentencing hearing. Why shouldn't that make a difference? Your Honor, I don't think it makes a difference. Because the way I read Harrison, the thing that really makes a difference is the district court recognizing that the defendant has a disagreement with the PSR. That's what this court says is really dispositive. The district court says to the defendant, oh, so you disagree with the amounts that are on there. And that is when there is a recognition of this factual dispute. And then the underlying principles that this court is relying on to recognize that untimely objection are, of course, the district court's discretion to hear untimely objections at any point before the sentence is imposed, which, of course, applies with equal force to an objection raised during elocution. And it would also draw this court's attention to its decision in United States versus Jarvie, where, of course, there the problem is the defendant was not allowed to make his objection. However, this court said, that would have been improper as well. But this defendant's right to allocute on his own behalf and to make any argument in support of mitigating a sentence includes the right to raise these untimely pro se objections to the pre-sentence report. But here, the defendant, the court didn't restrict the defendant in his opportunity to allocute. There's no allocution error, however. But I think there are. In fact, didn't the court even give him a second chance to speak after he did the allocution? And the counsel talked to, and then the court says, do you have anything else? So there really wasn't any restriction. Of course, and I agree there's absolutely no allocution error. And I wouldn't rely on Jarvie for the allocution error principles. But I think Jarvie does show that it's not improper for a defendant to object to the pre-sentence report during his allocution. And I wouldn't know that this court in Jarvie. But a defendant could get up and allocute and make all kinds of objections, some of which would be timely, some may be untimely, some may not have any basis at all. I mean, there isn't a restriction on what can be said. But just because something can be said doesn't mean that it's a good argument. Your Honor, I take your point very well. I've read many allocutions. But I do think Jarvie is instructive on this point. So one, in Jarvie, it's actually similar to Harrison. The defendant is objecting to the drug quantities in the pre-sentence report. And this court notes that that's an untimely objection. But it also reminds the district court that it has the discretion to resolve that objection and encourages the district court to do so on remand. And I looked up what happened to Mr. Jarvie on remand. And he got time served after initially being sentenced to 90 months. And so similar to what happened to Ms. Harrison, these untimely pro se objections, which went to the heart of the sentencing recommendation, were things that the district court could, with good cause, make an untimely ruling on and did. And it did make a substantial difference to the sentence. Although these factual objections did not go to the guidelines range, they did go to something that was important to the sentencing. Of course, the district court repeatedly said that it was concerned about what happened during the night of the arrest. And it explicitly identified Mr. Rodriguez's allegedly, or just disputedly, drunken, violent behavior on the night of his arrest as a reason to impose upward. And in fact, it said, I never impose an upward variance in a legal reentry case. I'm not sure I've ever done it. But the thing that makes this case stand out to me is that Mr. Rodriguez's part, or one of the three things, but one of them, is that when you were arrested, you were disrespectful to police and you were being drunk. And so just like in Harrison and Jarvie, these are disputed facts that really go to what sentence should be imposed. And so similar to those cases, I think these are the kinds of disputes that the district court could have decided to resolve on time. Let me ask you about another case decided two years after Harrison. That would be United States against Smith. There we affirmed the district court's reliance on the PSR's facts. And we said that the defense counsel had the opportunity to supplement his argument based on the defendant's allocution contesting the PSR, which counsel declined. And here, counsel didn't pick up on the allocution objection. So how is this case different from Smith? Your Honor, forgive me. I haven't read Smith, so I can't directly comment on this. By the way, same author as in Harrison. But one thing I think is really important here is the district court actually recognized the disagreement. And then it said, you're disagreeing with the PSR. That's implausible. And he relied on the PSR. And so the district court was not required to decide what happened on the night of December 28. But having recognized this disagreement, he could not then say, that's contrary to the PSR, so I'm going to go with the PSR. That move of weighing what Mr. Rodriguez said against the allegations in the PSR and then treating the PSRs as evidence that Mr. Rodriguez Parra's objection was false, that's the error. With the caveat I haven't read Smith. What if the court had just said nothing? And the allocution happens. Mr. Rodriguez Parra says what he said. The court says, thank you very much. Goes ahead, imposes the sentence. That's it. That's a totally different case. I think that's actually very close to. Well, OK. Maybe it is. But when the court dismisses the objection and says it's wildly implausible, could that be understood as saying, I'm just not going to consider that? I don't think so. Because the reason the district court says, if you look at his statement, he says that's directly contrary to the pre-sentence report. That's wildly implausible. I think because the district court seems to be saying, that can't be true. It's not in the pre-sentence report. What you have is a factual weighing. Well, he was looking at the credibility of Mr. Rodriguez. And, Your Honor, I don't think there's any basis to make a judgment of Mr. Rodriguez's credibility unless you are taking the pre-sentence report as evidence. And, Your Honor, I think, again, if one imagines the Jarvey case where, instead, Mr. Jarvey had been allowed to allocute and been allowed to say, these amounts in the pre-sentence report are wrong, I think that court case makes clear this court would have said it would have been proper for the district court to treat that as a factual objection. Rule 32 also has a good cause provision. And couldn't we read the court's reaction to the statement? Basically, this isn't a good faith objection. I'm just dismissing it out of hand. Your Honor, I don't think so. That'd be an abusive discretion type review. Your Honor, there's no finding as to good cause. And I don't think there has to be one on the record. There wasn't in Harrison. All that happened in Harrison is that the district court said, oh, so you disagree with the quantities in the pre-sentence report. And then she goes with the pre-sentence report. And this court found that there was an improper factual finding, an improper reliance on the pre-sentence report. So again, I would encourage this court to go back to Harrison. Even though there was no good cause finding, this court found that there was a ruling under 32F, the good cause late finding. And I actually think this is the kind of case where when there is a fact that goes to the core of the district court's reason for sentencing, such as whether you had 1.5 kilograms of meth or 40 kilograms of meth, or whether you were the mean drunk whose behavior was so outrageous that you are going to be the first legal reentry defendant who gets an upward variance in front of this judge, there could be good cause. We agree with that. And in this case, then, should the judge have adjourned the sentencing proceeding and then required the government to come back and basically prove up that portion of the PSR? I think the district court had two choices. So we have an adjournment, then we'd have another sentencing hearing and an evidentiary proceeding. The district court had, I think, basically two options. It could have said, it could have ignored it or just not made a ruling. And then I think there would have really been no appeal, because there would be nothing to point to to say that the district court's making a factual finding against us. But I don't think this is like a technicality. I think, really, the district court was saying, Mr. Rodriguez-Para, I think you're lying. And I think you're lying, because that's not what the pre-sentence report said. And that is exactly the kind of factual finding where the district court is just taking the PSR at its word and elevating it over the objection, because it's what the PSR says that the federal rules in this court's cases prohibit. So I don't think, even though I'm acknowledging that this case could easily turn out a different way if the sentencing had gone differently, I'm not saying this is a technicality. I think, in fact, the district court was decided he was lying, because that's not what's in the PSR, and that is not what's allowed. Gosh, I'd be a little uncomfortable writing an opinion that tells the district courts, don't engage with a defendant at allocution, because you might back yourself into reversible error. You know, I don't worry about that. You know, I take your Honor's concern. This isn't a punishment of the district court. And again, I think this court's decisions and Harrison and Jarvie just reiterate that when a defendant makes an untimely pro se objection to the pre-sentence report, he or she isn't doing anything wrong. The district court has options. If he exercises its discretion to decide what is true, and what is false, the district court can't just rely on the pre-sentence report, and there's a lot of good reasons for that. Of course, the pre-sentence report are just allegations. They're untested, and as Harvey and Jarvie demonstrate, or Harrison and Jarvie demonstrate, sometimes they're wrong. Ms. Harrison got 14 years off on remand, because the government was not able to prove those allegations. So. How about if we interpret what happened, is basically the court accepted the statements that elocution as a plea for mitigation of the sentence, rather than as an objection to the PSR. I just don't think that's. Why isn't that good enough? I just don't think that that's what the district court statement said. Again, the district court said those statements are directly contrary to the pre-sentence report, and that's substantively identical to what the district court said in Harrison. And then it says, I don't think that's true. That's implausible. He's making a judgment as to the truth of the statement, and that is just simply not permitted. Do you think that a reversal would incentivize sentencing courts to just sit silent in response to elocution? Your Honor, I see I'm out of time. And I think this is a good question. I thought about this. But I think that, you know, this court should take the position, right, that judges are trying to do their best. And if an important factual dispute arises regarding something like the drug quantity, or what really happened on the night that this man was arrested, especially if that dispute goes to, you know, the reason that this judge is gonna give for giving a variance or not, then there may well be good cause for the district court to reopen sentencing. And I've seen sentencing's continued. But there's also gonna be cases where the district court's gonna be well within his discretion, and not abuse his discretion to say, you know, the time for that has passed, and I'm not gonna get into it, right? And that is a decision that the district court can make, and it's a discretion. What the district court, the one thing the district court cannot do, and that the district court made a mistake here, is by deciding that what the district court's, or what the defendant said is false, simply because it's contrary to the PSR. And so for that reason, we would ask this court to vacate and remand for resentencing. Thank you.  Good morning, your honors. And may it please the court, Elizabeth Joins for the United States. The appellant did not preserve his argument for appeal, so the applicable standard of review should be plain error, and this court may affirm for three different reasons. First, this court may affirm because the appellant has waived review on plain error. Second, even if this court exercised its discretion to review for plain error, the appellant can't show plain error. And third, even if the appellant's argument had been preserved, the district court did not abuse its discretion. As to the first argument, the appellant has conceded that he didn't make timely objections to the facts contained within the PSR. So the question here is whether the statements that he made during his allocution constituted objections to the PSR. And I think from the government's perspective, it's ambiguous at best whether the comments that the defendant made during his allocution constituted objections. But wasn't the court's response indicative that the judge thought that it was an objection to the PSR because the court specifically referenced the PSR? Your Honor, I think it's important to note that here we were far past the Rule 32, I3B stage. Everybody agrees it was untimely. But that isn't your argument. Your argument was that it wasn't clearly an objection to the PSR, but the court seemed to think it was. Well, Your Honor, I think the reason that I say that is because since we're outside of that timeframe where the PSR was being objected to and adopted, we're now in Rule 32, I4A. We're focused on mitigating statements, and that's what the district court. All right, then what if Mr. Rodriguez-Para stood up at allocution, said, said, Your Honor, I know that you asked a little earlier about an objection to the PSR. I should have gotten up then and said something. I'm gonna say something now. I didn't hit all those cars. I was not disrespectful to the police. The PSR is wrong, and the government should show otherwise. Still not preserved? Yeah, at that point, Your Honor, I think it would have been clear, it would have been sufficient to alert the district court to the fact that he was making a PSR objection. But the court thought he was. He said it's inconsistent with the PSR. I think that can be differently understood, Your Honor. I think it can be understood as a statement about minimization of responsibility in an attempt to mitigate during his allocution that's separate and apart from. If there's an ambiguity, who should benefit from that? Well, I understand if Your Honor's speaking towards the rule of lenity, but here I do think the burden is on the defendant to clarify whether he's. Would that be rule of lenity? I don't know if it's rule, maybe it is. Well, Your Honor, from my perspective, I think if the defendant is attempting to make an untimely objection to the PSR, then he needs to clarify for the court, to put the court on notice, as even Harrison says, to sufficiently raise the issue. And here, I don't think it was clear to the district court that it was a PSR objection. I think it. And he had counsel also. And, I mean, after the statements, as we were discussing, the counsel didn't say or clarify to the court that there was an objection to the PSR here. That's correct, Your Honor. The counsel did not clarify that. I'm not sure how it cuts, but I think, you know, I agree with Judge Matheson that at some level, it's clear there's an objection here and at some point, engagement might be necessary. Well, Your Honor, even if we were to accept that the defendant were attempting to make an objection here, I don't think that the district court made a factual finding about the PSR's accuracy in making those remarks. Right after he says that the appellant's statements were wildly implausible and directly contrary to the PSR, he concludes that those statements did not advance his cause for sentencing purposes, which I think further speaks to the fact that the court was seeing this as an attempt to mitigate, but really, the court disagreed and found them as aggravating statements as this attempt to minimize his own responsibility in this conduct. Didn't the court, when he sentenced, rely on what the PSR said happened at the time of this incident, the time of the arrest? Yes, Your Honor. The court said that conduct from December 28th, 2023 influenced its decision, so I don't think that there's a question that the court relied on the facts contained within the PSR. So you can't really, if there was error, you can't really argue harmless error, then? I agree, Your Honor, that's correct. I just don't believe that the court was alerted to the objection here or that it made a factual finding. I think it saw this entire statement from the defendant within the realm of 32I4A2, which are mitigating statements during allocution, and because of that, if the defendant had been attempting to make an objection, he should have clarified it, and because he didn't clarify it, I think he didn't preserve his argument and thus forfeited it. And so that brings us to plain error review. Because of that, the appellant didn't brief plain error review in the alternative in its opening brief or in its reply brief, and I think that that issue has been waived. And if there are no further questions, I would simply ask this court to refer. No, wait a minute, you had three points. Yes, Your Honor. And the third one was, even if it was preserved, no abuse of discretion. So could you address why there was no abuse of discretion? Yes, Your Honor. What do you mean by that? What was the, well, go ahead. Well, I don't mean to reiterate, so please cut me off, but first, the court certainly has discretion as to whether it's going to entertain and consider untimely objections or pro se objections. And it can exercise its discretion not to do so. And the government's position would be that it didn't engage here. It asked, as Your Honors mentioned previously, whether the defendant had anything further to say in his allocution, and he let him say everything that he wanted. And then he went on to make statements of reasons and impose sentence. So I think from that perspective, the district court did not engage, did not fact find, and did not abuse its discretion because it had discretion not to entertain these. Well, if it did engage, was there any abuse of discretion in the way it handled the matter when it said, this is directly contrary to the PSR and wildly impossible? Is that no abuse of discretion? Your Honor, again, I apologize. I don't mean to reiterate myself, but. That's okay. I may need it to understand your argument. Yes, Your Honor. Even if he engaged, I don't see his statements as having fact found. I think that he was, again, commenting more on mitigating material than on the accuracy of the PSR. So it could have asked for good cause from the defendant to explain why it should entertain these objections that were untimely, but it didn't receive, again, I think that speaks to the fact that the district court didn't receive these as objections. So because it didn't engage in fact find, I don't think it abused its discretion. And I think, Your Honor, the case that Your Honor mentioned previously, Smith, I think supports that. If there are no further questions, I'll just ask this court to affirm. Thank you. Ms. Chen, you used your time, but if you'd like another two minutes, you may. I'd just like to briefly address a couple of the points the government made first. It never challenged whether there was an objection or that the district court was adequately alerted to Mr. Rodriguez's position. And so I think that's waived, but even so, as this court's recognized, the district court did recognize this as an objection in a manner that's very similar to Harrison. So I think clearly there was that objection. And again, Your Honor, I think just the main point I'd like to make is the district court exercised its discretion to hear this objection. It resolved it against the defendant based solely on the allegations of the PSR and that is clear error, and therefore Mr. Rodriguez-Paris should receive a new sentence. Thank you so much. Thank you, counsel. Counsel, excused. The case is submitted. And the court will be in recess until tomorrow morning.